UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN W. CASSADAY,

                          Plaintiff,

            -against-

VERIZON INC.; YAHOO!; GOOGLE, INC.;
FACEBOOK; AT&T,

                          Defendants.

25-CV-9251 (LTS)

ORDER OF DISMISSAL AND
TO SHOW CAUSE UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, a resident of Michigan, filed this action *pro se*. By Order dated November 10, 2025, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se*

pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief

## BACKGROUND

Plaintiff alleges that, since 2018, Verizon Media Inc., Yahoo! Inc., Google, Inc., Facebook, and AT&T have invaded his privacy, violated his Fourth Amendment rights, engaged in harassment, intimidation, and retaliation, engaged in racketeering activity; and violated federal criminal statutes, 18 USC §§ 1512, 1513, 2701. (ECF 1 at 2, 5.) The following facts are drawn from the complaint.[1] According to Plaintiff, "email communications between [him] & his now deceased mother were tampered with, changing fonts mid-document into cursive." (*Id.* at 13.) In 2109, Plaintiff "initiated a complaint" with Verizon, but "communications ceased" after "Defendants engaged in threatening conduct about ramifications if he [pursued] this any further." (*Id.*) On September 25, 2019, Plaintiff's "initial concerns" regarding his email exchanges with his mother:

> happen[ed] again, inversely in attempt to thwart & obstruct justice in attempt to wash out the underlying issues that emails are being manipulated by someone in attempt to cause duress & torment Mr. Cassaday, in violation of interstate commerce, privacy laws & the underlying fact that the Defendants are violating the RICO Act.

(*Id.*)

Verizon then "removed" Plaintiff "as manager from his account and sent a letter to Plaintiff's "then spouse citing removal & fearmongering her of her husband's issues presented." (*Id.* at 14.) Attempts to arbitrate the matter were "thwarted & obstructed by excessive costs." (*Id.*)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Plaintiff claims that Verizon thereafter "divested portions of its assets within Yahoo! Inc. to protect the brand name of Verizon in alleged attempt to limit any liability within the parent company, in furtherance of RICO Act conduct." (*Id.*) Plaintiff further asserts that the "adverse conduct fell mostly under a foreign CEO, in which would constitute terrorism like environments for the users of their entities when such poses a threat & continued criminal conduct upon society." (*Id.*)

Plaintiff claims that Yahoo! Inc. "engaged in conduct to further their agenda to thwart any credible misconduct of their organization by attempting to assist the US Government in locking away the Plaintiff, under 18 USC §1512(d)(4), sending representatives across state lines to further their obstruction." (*Id.* at 15.) He further states that Google, "through its coders are engaged in conduct adverse to their users, & consumer protections in attempt to force those such said users into buying new devices on a regular basis." Finally, Plaintiff claims that AT&T violated a "cease & desist. . .in regard to their constant harassment of calling [him] numerous times a day with cold calls that had no actual person." (*Id.* at 1-1.)

## DISCUSSION

Under the IFP statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it lacks any arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's factual allegations about random events involving communications entities and social media networks rise to the level of the irrational, and there is no cognizable legal theory on which he may rely. *See Livingston*, 141 F.3d at 437. Plaintiff's complaint must therefore be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).[2]

Additionally, the Court must dismiss any claims Plaintiff may be asserting under criminal statutes, because he cannot initiate criminal prosecutions. "[T]he decision to prosecute is solely within the discretion of the prosecutor.*" Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against anyone because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the federal criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses these claims, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

---

[2] Moreover, as discussed below, Plaintiff has previously sued these defendants, and other courts have alerted him that his allegations do not give rise to any plausible claims for relief.

**ORDER TO SHOW CAUSE**

According to Public Access to Court Electronic Records ("PACER"), Plaintiff has filed upwards of 100 cases in federal district and circuit courts around the country; this and other courts have previously warned him that he could face a filing injunction if he persisted in engaging in frivolous and duplicative litigation, and one jurisdiction has already imposed such an injunction. *See Cassaday v. Trump*, No. 25-CV-10374, 2025 WL 2997856, at *3 (E.D. Mich. Oct. 24, 2025) (listing cases and noting that Plaintiff "has filed and had dismissed numerous other actions across this District for frivolousness, failure to state a claim, immunity, or procedural default" and warning him that "continued submission of frivolous or duplicative lawsuits will result in an order barring further filings without prior leave of court."); *Cassaday v. Verizon Media Inc.*, No, 25-CV-10276, 2025 WL 763571, at *1 (E.D. Mich. Feb. 27, 2025) (adopting report and recommendation and dismissing claims against Verizon and Yahoo! as "incomprehensible and largely delusional."); *Cassaday v. Dow Chemical Co.*, No. 25-MC-50020, 2025 WL 242477, at *2 (E.D. Mich., Jan. 17, 2025) (closing miscellaneous case and instructing Plaintiff that if he "wish[ed] to assert civil claims, he must file a complaint, as he has done *pro se* many times."); *Cassaday v. AT&T Inc.*, No. 21-CV-715, 2021 WL 6063360, at *1 (W.D. Mich., Dec. 22, 2021) (dismissing for lack of merit claims that AT&T and others violated a cease-and-desist email); *Cassaday v. Facebook, Inc.*, No. 21-CV-714, 2021 WL 5967129, at *2 (W.D. Mich., 2021) (holding that Plaintiff's allegations that Facebook and Google were "spying on him and fraudulently obtaining personal information from his phone" were conclusory and failed "to 'state a claim to relief that is plausible on its face.'"); *Cassaday v. Pfizer Inc.*, No. 21-CV-8886 (LTS), 2021 WL 5166890, at *3 (S.D.N.Y. Nov. 5, 2021) (dismissing complaint as frivolous and warning Plaintiff that further frivolous or vexatious litigation in this court would "result in an order barring Plaintiff from filing new actions IFP in this court, without prior

permission" under 28 U.S.C. § 1651); *Cassaday v. United States Gov't*, No. 1:21-CV-0708, 2021 WL 3928669 (W.D. Mich. Sept. 2, 2021) (adopting report and recommendation and barring Plaintiff from filing IFP in that court without prior leave).[3]

In light of this litigation history, Plaintiff is ordered to show cause why he should not be barred from filing any further actions in this court IFP without first obtaining permission from the court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Within 30 days of the date of this order, Plaintiff must submit to the court a declaration setting forth good cause why an injunction should not be imposed upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this court unless he first obtains permission from this court to do so.

## CONCLUSION

The Court dismisses this action as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Plaintiff shall have 30 days to show cause by declaration why an Order should not be entered barring him from filing any future action IFP in this court without prior permission. A declaration form is attached to this Order.

---

[3] Plaintiff, who is not currently incarcerated, is barred under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), from filing any new action IFP while he is a prisoner, unless he alleges that he is under imminent threat of serious physical injury. *See Cassaday v. Brozanski*, No. 23-CV-550, 2023 WL 3860219, at *2 (W.D. Mich. June 7, 2023) (listing strikes).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    November 24, 2025
          New York, New York

/s/ Laura Taylor Swain

LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.


_____          _____
Executed on (date)                 Signature

_____          _____
Name                               Prison Identification # (if incarcerated)

_____   _____           _____
Address                     City             State        Zip Code

_____          _____
Telephone Number (if available)    E-mail Address (if available)